**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Anthony Michael GONZALES,**
**Defendant–Appellant.**

No. 14–50283.

United States Court of Appeals,
Ninth Circuit.

Submitted April 7, 2015.*

Filed April 10, 2015.

Charlotte E. Kaiser, Bruce R. Castetter, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

David Lawerence Baker, Law Offices of David L. Baker, San Diego, CA, for Defendant–Appellant.

Before: FISHER, TALLMAN, and NGUYEN, Circuit Judges.

### MEMORANDUM **

Anthony Michael Gonzales appeals from the district court's judgment and challenges the 120–month sentence imposed following his guilty-plea conviction for receipt of images of minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Gonzales asserts that the district court's sentence of 120 months is substantively unreasonable in light of his mitigating circumstances, including his youth and lack of criminal history. To determine whether a sentence is substantively unreasonable, we consider the 18 U.S.C. § 3553(a) factors and the totality of the circumstances. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). We review for abuse of discretion and "will provide relief only in rare cases." *United States v. Ressam,* 679 F.3d 1069, 1086, 1088 (9th Cir.2012) (en banc).

Though the Guidelines sentence is harsh, this is not the rare case where relief is appropriate. The district court granted a five-level downward departure based on the mitigating factors argued by Gonzales. The 120–month sentence is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances. *See Gall,* 552 U.S. at 51, 128 S.Ct. 586.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.